GOODHUE v. FULLER et al.

(Court of Civil Appeals of Texas. Beaumont. Feb. 22, 1917. Rehearing Denied March 28, 1917.)

1. APPEAL AND ERROR ⟫248—SCOPE OF REVIEW—"FUNDAMENTAL ERROR."

Error is fundamental if it goes to the merits of the cause of action.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1432, 1443.

For other definitions, see Words and Phrases, First and Second Series, Fundamental Error.]

2. APPEAL AND ERROR ⟫248—SCOPE OF REVIEW—PRESERVATION OF EXCEPTIONS.

In the absence of fundamental error, errors assigned cannot be considered unless promptly called to the attention of the trial court, with exception taken in the proper manner.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1432.]

Appeal from Jefferson County Court, at Law; D. P. Wheat, Judge.

Action by E. T. Fuller against H. L. Trumbore, wherein John F. Goodhue intervened. Judgment for plaintiff, and intervener appeals. Affirmed.

Herbert W. Reed and Samuel C. Lipscomb, both of Beaumont, for appellant. Roger L. Burgess and A. F. Jatho, both of Beaumont, for appellees.

BROOKE, J. This was a suit on promissory notes, in which a writ of sequestration was issued and levied upon certain musical instruments, which were replevied by the defendant. From a judgment in plaintiff's favor against defendant, with foreclosure of chattel mortgage lien, and against the intervener, as surety upon the replevin bond, in the sum of $300, or so much thereof as may remain, after crediting proceeds of sale of replevied property, the surety alone appeals.

It will be necessary to give, perhaps, a more complete statement of the case as being essential to a correct understanding of the points involved. Appellee brought this suit against H. L. Trumbore to recover upon eight promissory notes, aggregating the sum of $300, alleging that he was the owner and holder by transfer of a certain chattel mortgage, executed by defendant June 6, 1914, to secure an indebtedness evidenced by such notes, and upon statutory allegations prayed for writ of sequestration. The affidavit describes the property minutely, and alleged that plaintiff was the owner and entitled to possession thereof, that it was "situated in Jefferson county, Tex." and "all of the total value of $300." A writ of sequestration was issued October 13, 1914, and executed October 17, 1914, and the property released to the defendant Trumbore by the sheriff on October 24, 1914; the bond being in the sum of $350, with appellant as surety, and approved October 23, 1914. The defendant filed a motion to quash January 5, 1915; the surety intervened on the same date, setting up that the sequestered property was in his (the surety's) possession, adopted the pleading of defendant, and asked to be permitted to become a party to the cause, to the end that his rights might be protected, and no further, and insisted upon quashing the affidavit. On the same date, January 5, 1915, the court overruled both motions. On April 6, 1915, plaintiff amended his petition, setting up that all of the notes had matured, and prayed for judgment accordingly, together with interest, costs, attorney's fee, and general and special relief. On January 28, 1916, the cause was called for trial in the county court at law, to which jurisdiction thereof had been transferred by the act of the Thirty-Fourth Legislature (chapter 29), when the defendant Trumbore abandoned further defense. Plaintiff and intervener announced ready for trial, and the court proceeded to hear the cause upon the record and testimony introduced by plaintiff, and continued the cause, without prejudice, to the February term, for arguments upon the legal questions pertaining thereto. On February 15, 1916, the cause came on, pursuant to agreement and orders of the court, and defendant Trumbore wholly made default. Thereupon the intervener requested leave to file certain additional pleadings, styled "Amended Motion to Quash Writ of Sequestration," and "Intervenor's Second Amended Answer," which was granted by the court, over objection of plaintiff, and thereupon the court announced that it would enter a mistrial, and hear the cause anew upon the pleadings and record, whereupon it was continued until the succeeding day. By such amendment, in lieu of all pleadings theretofore filed, intervener again claimed the right to make any and all defenses as defendant would, if defending in person, and renewed his motion to quash upon the ground, among others, that the affidavit does not set out the value of each article of property sought to be sequestered; and by way of answer sought to contest the right of plaintiff to recover, alleging that the amended petition increased the cause of action against the defendant without notice of such increase, and again set up that the sequestered property was in his (surety's) possession, that he had tendered it to the sheriff, who had refused it, and had offered to deliver it to plaintiff, who had declined to receive it. On February 16, 1916, the cause came on for hearing pursuant to orders of the court, when plaintiff filed a motion to dismiss and strike out all pleadings of the intervener. The court sustained such motion of the plaintiff, and such pleadings were ordered stricken out and dismissed. The court then reserved the cause for decision, and rendered judgment February 21, 1916, in favor of plaintiff against defendant for $300, the amount of the notes sued upon, with interest from date and attorney's fee, and costs of court, with foreclosure of chattel mortgage lien upon the musical instruments described in the chattel mortgage, and directed issuance of an order of sale, as under execution, with application of proceeds in satisfaction of judgment against defendant, and providing, if proceeds insufficient, that balance be made out of any other property of defendant, and the judgment further recites issuance of writ of sequestration, seizure of property, and release to defendant upon replevy bond with intervener, as surety, in the sum of $350; that such property was then in possession of the intervener, and from the evidence introduced upon the trial was of the value of $300, at the time it was sequestered; and awards recovery in favor of plaintiff against intervener, as surety upon the replevy bond, in the sum of $300, or so much thereof as may remain after crediting the proceeds derived from the sale of the property replevied, made as hereinabove provid-

ed upon the judgment hereinabove rendered against the defendant, which shall likewise operate as a satisfaction pro tanto of the judgment herein rendered against said surety upon such bond, further adjudging costs against the intervener as a litigant, all other costs taxed against the defendant. From an order overruling the motion for new trial, intervener appeals. The defendant Trumbore, as stated, abandoned the defense, and is not appealing, nor is he joined by the surety in this appeal, who alone complains.

No exceptions were taken to any order of the court or any ruling of the court in the trial of the case, and the record, therefore, is without a bill of exceptions. Therefore, without there is fundamental error, apparent upon the face of the record, the case will have to be affirmed.

The following are the findings of fact and conclusions of law filed by the trial court:

"Findings of Fact.

"(1) I find that on June 6, 1914, defendant executed and delivered to plaintiff eight certain promissory notes, all of said date, and due consecutively one each month after date, the first two for the principal sum of $30 each, and the remainder for the principal sum of $40 each, aggregating the total sum of $300, all bearing interest at the rate of 10 per cent. per annum from date until paid, and an additional amount of 10 per cent. as attorney's fees, in case of default.

"(2) That default was made in the payment of same, that plaintiff placed the same in the hands of attorneys for collection, and that the full amount of principal, interest, and attorney's fees is due and unpaid.

"(3) That on said 6th day of June, 1914, defendant secured the signature of Sidney Mayer, Sam Gusemano, and G. R. Nogueria as indorsers on said notes and as collateral security to said Mayer, Gusemano, and Nogueria, on the said 6th day of June, 1914, defendant executed a chattel mortgage to said Mayer, Gusemano, and Nogueria, the same being file No. 19338, upon the chattel mortgage records of Jefferson county, Tex., upon certain musical instruments therein described, and valued in the aggregate sum of $300, and intended to secure the payment of said indebtedness; that on October 8, 1914, plaintiff, for a valuable consideration, became the owner and holder of said chattel mortgage by duly executed transfer from said Mayer, Gusemano, and Nogueria.

"(4) That a writ of sequestration was issued in this cause upon the 13th day of October, 1914, whereunder said musical instruments were seized by the sheriff of Jefferson county, and that same were replevied by the defendant on October 23, 1914, and were released to him by the sheriff upon replevy bond signed by him with Jno. F. Goodhue, as surety, in the sum of $350, conditioned as provided by statute.

"(5) That the defendant filed a motion to quash the writ of sequestration, and that said surety intervened, joined in said motion, with request to be released from said replevy bond; and upon which a hearing was had on January 5, 1915, before the then county court of Jefferson county, and that said motion was overruled and said request denied.

"(6) That the intervener has tendered the said musical instruments to the sheriff of Jefferson county, and that the sheriff has refused to receive the same, and that such property is now in the possession of the intervener.

"(7) That the value of such property at the time it was sequestered was the sum of $300.

"Based upon the foregoing facts, I find the following:

"Conclusions of Law.

"1. That the plaintiff is entitled to judgment against the defendant for the aggregate amount of said notes, to wit, the sum of three hundred dollars, together with ten per cent. interest from date thereof, and the additional sum of ten per cent. as attorney's fees, together with all costs.

"2. That plaintiff is further entitled to foreclosure of the chattel mortgage lien held by him upon said musical instruments, and to an order of sale and application of proceeds in satisfaction of such judgment, with execution for any balance remaining unpaid after such application.

"3. That the property having been tendered to and refused by the sheriff of Jefferson county, the conditions of the statute have been met, and the plaintiff, under articles 7109 and 7106, Vernon's Sayles' Texas Civil Statutes, is entitled to judgment against the surety upon the replevy bond for the value of the property, to wit, the sum of $300, with provision that the application of the proceeds of the sale of the property sequestered upon the judgment rendered against the defendant shall likewise operate as a satisfaction pro tanto of the judgment against said surety upon such bond.

"4. That all costs in this cause be adjudged against the defendant, except the costs upon the motion to quash and upon the motion to dismiss and strike out, wherein the surety became a litigant, and these are adjudged against the intervener."

We have made a careful examination of the record, in order to find if there was any fundamental error, such as would authorize and empower this court to revise the action of the trial court in this matter.

[1, 2] Error is defined to be fundamental which goes to the merits of the plaintiff's cause of action, and should be considered where the justice of the case seems to require it. We have been unable to find such error in this record, and the errors complained of are such as should have been promptly called to the attention of the trial court and exception taken in the proper manner, and cannot be otherwise considered.

Finding no error in the action of the lower court, the judgment is in all things affirmed. It is so ordered.