STATE v. ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS et al. (No. 5845.)

(Court of Civil Appeals of Texas. Austin. Nov. 28, 1917. Rehearing Denied Jan. 16, 1918.)

1. APPEAL AND ERROR ⊕⇒1215—PROCEEDINGS AFTER REMAND — DECISION OF APPELLATE COURT—INSTRUCTION.

Where an appellate court has rendered a decision and remanded a cause, the district court should confine its trial to the issues remanded, and, the others being res judicata, it was error not to instruct the jury to find in accordance with the opinion.

2. RAILROADS ⊕⇒9(2)—COMMISSIONERS—CONSTRUCTION OF JUDGMENTS.

A judgment setting aside an order of the Board of Railroad Commissioners without prejudice to a former order or the right to make such future orders as it may deem just and reasonable *held* not to foreclose the board from proceeding under a subsequent order providing an apportionment of costs of building a union depot, differently from order set aside.

3. RAILROADS ⊕⇒58 — LOCATION OF DEPOT — ORDERS OF COMMISSION — EVIDENCE — INSTRUCTION.

Where railroads objected to a union depot location fixed by the Railroad Commission, it devolved upon them to show a more suitable and less costly site, and, failing to do so, the issue was not raised by the evidence, and the court should have so instructed the jury.

4. RAILROADS ⊕⇒58—LOCATION OF DEPOT—APPORTIONMENT OF COSTS.

The apportionment between three railroads of the costs of a union depot upon the basis of user is proper.

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Suit by the State of Texas against the St. Louis Southwestern Railway Company of Texas and others. Judgment for defendants, and the State appeals. Reversed and rendered.

B. F. Looney, Atty. Gen., and Luther Nickels, Asst. Atty. Gen., for the State. E. B. Perkins, of Dallas, Hiram Glass, of Austin, and Thompson, Barwise & Wharton and R. M. Rowland, all of Ft. Worth, for appellees.

### Findings of Fact.

JENKINS, J. This case is between the same parties, and involves, in a general way, the same issues, as the case of State v. Railway Companies, reported in 165 S. W. 491; that is to say, the erection and location of a union depot by appellees in the city of Hillsboro, Tex.

The Railroad Commission of Texas, which which will hereinafter be referred to as the Commission, on March 22, 1910, made an order requiring appellees to construct a union depot in Hillsboro, as should be agreed upon by them, subject to approval by said Commission.

The appellees having failed to comply with said order, the Commission thereafter, on January 17, 1911, ordered them to construct and maintain a union depot upon the ground, and according to the plans and specifications in said order designated, each of said parties to pay one-third of the cost thereof. Said orders are fully set out in said case of State v. Railway Companies, 165 S. W. 491, and are here referred to and adopted as a part of our findings of fact herein.

Upon the trial of said cause this court found in favor of the state upon all of the issues involved, except as to the division of costs, and reversed and remanded the same for trial upon that issue.

The district court, instead of confining its trial to that issue, submitted to the jury issues as to the location and division of costs of said depot, and the jury found in favor of appellees herein upon both of said issues.

The state moved the court to enter judgment in its favor on said verdict, or to enter judgment in its favor as to the issues of the necessity of the union depot and its location, for the reason that these matters were res adjudicata by the judgment of this court on said appeal. The trial court overruled these motions. We will quote from its judgment on said motions in the opinion herein.

No appeal was taken from the judgment of the district court above referred to, which was entered on May 20, 1914. Thereafter, on November 23, 1914, the Commission, after due notice to all parties, after reciting its order of March 22, 1910, and the failure and refusal of the appellees to comply therewith, made, as set forth in appellees' printed argument herein, substantially the following findings of fact:

(1) That the passenger depot facilities at Hillsboro are inadequate, and that it is just and reasonable to require the appellees to construct a union passenger depot at that point.

(2) That appellees had failed to agree upon a site for such depot, or a basis for a division of the costs, or any of them, for the construction thereof.

(3) That the site "hereinafter" specified for the same was a proper site.

(4) That the plans "hereinafter" were proper plans.

(5) That the site and plans are satisfactory to the railways.

(6) It finds a proper division of the cost of construction and maintenance.

It then entered its decree in accordance with said findings, specifying therein as a site for such union depot a portion of the grounds then (and now) occupied for passenger depot purposes by the Missouri, Kansas & Texas Railway Company of Texas, which will hereinafter be referred to as the Katy.

The appellees having failed and refused to comply with said last-mentioned order, the state brought this suit to compel them so to do by mandamus or mandatory injunction. This cause was tried by a jury in the October term, 1916, upon the following special issues:

---

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"Question No. 1. Was the order of the Railroad Commission of Texas entered on November 23, 1914, requiring the three defendants herein to construct a union depot in the city of Hillsboro upon the site of the present depot of the Missouri, Kansas & Texas Railway Company of Texas unjust and unreasonable to the defendant Missouri, Kansas & Texas Railway Company of Texas?

"Question No. 2. Was the order of the Railroad Commission of Texas entered on November 23, 1914, unreasonable and unjust to the defendant Missouri, Kansas & Texas Railway Company of Texas in the matter of the apportionment of the cost therein stated?

"Before you would be justified under the law in answering the foregoing questions in the affirmative, said defendant must have shown to you by clear and satisfactory evidence that said order was unreasonable and unjust as to said defendant.

"Question No. 3. Was the order of the Railroad Commission of Texas entered on November 23, 1914, requiring the three defendants herein to construct a union depot in the city of Hillsboro upon the site of the present depot of the Missouri, Kansas & Texas Railway Company of Texas unjust and unreasonable to the defendant St. Louis Southwestern Railway Company of Texas?

"Question No. 4. Was the order of the Railroad Commission of Texas entered on November 23, 1914, unreasonable and unjust to the defendant St. Louis Southwestern Railway Company of Texas in the matter of the apportionment of the cost therein stated?

"Before you are justified under the law in answering the foregoing questions in the affirmative, said defendant must have shown to you by clear and satisfactory evidence that said order was unreasonable and unjust as to said defendant.

"Question No. 5. Was the order of the Railroad Commission of Texas entered on November 23, 1914, requiring the three defendants herein to construct a union depot in the city of Hillsboro upon the site of the present depot of the Missouri, Kansas & Texas Railway Company of Texas unjust and unreasonable to the defendant Trinity & Brazos Valley Railway Company?

"Question No. 6. Was the order of the Railroad Commission of Texas entered on November 23, 1914, unreasonable and unjust to the defendant Trinity & Brazos Valley Railway Company in the matter of the apportionment of the cost therein stated?

"Before you will be justified under the law in answering the foregoing questions in the affirmative, said defendant must have shown to you by clear and satisfactory evidence that said order was unreasonable and unjust as to said defendant.                    Geo. Calhoun,
"Judge Fifty-Third Judicial District."

To the first and second questions the jury answered "No." To each of the others the jury answered "Yes." Thereupon judgment was entered overruling the order of the Commission of date November 23, 1914.

Upon each of the two issues of fact involved in this appeal, viz.: As to whether the site for the union depot at Hillsboro selected by the Commission is unreasonable or unjust to the appellees, or either of them; and as to whether the apportionment of the cost in erecting and maintaining said depot made by said Commission is unreasonable or unjust to the appellees, or either of them— we answer in the negative, and find that both of said findings by the Commission, and its judgment, order, or decree thereon are just and reasonable to appellees and to each of them.

## Opinion.

[1] 1. We sustain appellant's first assignment of error, which is that the court erred in refusing to peremptorily instruct the jury to return a verdict for the state. This, of course, is decisive of this case, and devolves upon this court the necessity of reversing the judgment of the trial court, and rendering judgment for the appellant; it appearing from the record that the case has been fully developed, and that there are no further issues of fact requiring the intervention of a jury. However, we deem it proper to briefly state some of our views relative to the facts and the law of this case.

2. In so far as they are involved in this appeal, we adhere to our conclusions of law expressed in 165 S. W. 491 et seq.

[2] 3. We do not agree with the contention of appellees that the issues as to the reasonableness of the site of the proposed depot, and the cost of erecting and maintaining the same, was foreclosed in their favor by the judgment of the district court of May 20, 1914. The proceedings in that case, as disclosed by the record herein, are somewhat confusing. We quote therefrom as follows:

"It is further ordered, adjudged, and decreed by the court that said order of the Railroad Commission of Texas of date January 17, 1911, be, and the same is hereby, in all things set aside, annulled, and held for naught."

Had the decree stopped there, it would render appellees' contention plausible, but it does not stop there. It continues:

"Without prejudice, however, to the order of the Railroad Commission of date March 22, 1910, set forth in the fourth paragraph of plaintiff's first amended original petition, or the validity of the same, or the right and power of the Railroad Commission of Texas *to make such orders in the premises in the future as it may deem just and reasonable to the defendants.*" (Italics ours.)

A subsequent portion of this judgment amounts to a reference of the matter to the Commission for further findings of fact. Without passing upon the question as to the authority of the court to make such reference, the judgment clearly shows that it was not intended to preclude it from doing so.

The Commission, upon further hearing, designated a part of the grounds owned and used by the Katy as the site for the union depot, and apportioned the cost of constructing and maintaining the same differently from its former order.

[3] No objection is made on this appeal to the finding of the Commission as to requiring the appellees to erect and maintain a union depot somewhere in Hillsboro, and no objection is made as to the plans and specifications for such depot as made by the Commission. The objection of appellees seems to be as to the cost of such depot. It having been settled by the findings of the Commission and the judgment of the district court

that it is just and reasonable to require appellees to erect and maintain such a depot somewhere in Hillsboro, it devolved upon appellees to show a more suitable or less costly site than that designated by the Commission. This they did not attempt to do. Hence the issue as to the site of such depot is not raised by the evidence, and the trial court should have so instructed the jury.

[4] On the appeal of the former case the appellees contended that user was the proper basis for a division of the cost of erecting and maintaining the depot. The Commission in its order of November 23, 1914, adopted this basis. The evidence does not clearly show that the apportionment of the cost made by the Commission was not just and reasonable. On the contrary, the preponderance of the evidence shows that the apportionment thus made is just and reasonable as to appellees and as to each of them. The jury found against the Katy on this issue, and it has not assigned error upon such finding. The apportionment to each of the other appellees is less than it would have been had it been made so as to require each of them to pay one-third of such cost, as appellees now contend should have been done. Such being the case, the other appellees have no grounds for complaint.

We think the court committed other error as to refusal of charges and the admission of testimony, but in view of the disposition which we make of this case it is unnecessary to point them out.

For the reason that the court erred in not peremptorily instructing the jury to return a verdict in favor of appellant, this case is reversed, and judgment is here now rendered for appellant.

Reversed and rendered.