### BEAR v. HOUSTON & T. C. RY. CO.
### (No. 8557.)

(Court of Civil Appeals of Texas. Galveston. July 2, 1924. Rehearing Denied Oct. 9, 1924.)

1. **Appeal and error** ⚹═274(1)—**Court's ruling on exception to petition held not to present fundamental error, and not reviewable in absence of proper exception.**

Action of court in ruling on exception to petition, in that causes of action ex contractu and ex delicto had been improperly joined, *held* not to present error where only exception thereafter taken was to court's refusal to permit amendment.

2. **Appeal and error** ⚹═253—**Court's ruling on petition challenging joinder of causes of action does not present question of fundamental error.**

Court's sustaining or overruling of special exception to petition, challenging plaintiff's joinder of causes of action does not raise question of fundamental error, under Rev. St. 1911, arts. 1991, 2062, though sustaining or overruling of general demurrer would

3. **Pleading** ⚹═419—**Plaintiff's right to elect between causes of action improperly joined held waived.**

In action by one whose land was cut in two by railroad for damages for breach of agreement for crossing, and for wrongful closing of crossing previously maintained, where court sustained exception to petition on ground of misjoinder of causes of actions, plaintiff, by asking leave to amend and setting up different cause of action, waived right to elect which of causes already stated he would rely on.

4. **Appeal and error** ⚹═948—**Pleading** ⚹═236 **(1)—Amendment of pleading within court's discretion; burden on him alleging it to prove error.**

Permitting amendment of pleadings is matter within court's discretion, and one alleging error therein has burden of proving that rejection of amendment was not based on fact that it might have delayed trial and impeded business of court.

5. **Pleading** ⚹═248(17)—**Refusal of court to permit amendment setting up new cause of action held not erroneous.**

In action by one whose land was cut in two by railroad for breach of agreement for crossing and for wrongfully closing crossing previously allowed, refusal of court to permit amendment setting up cause of action based on statutory right of crossing and that alone *held* not error.

6. **Pleading** ⚹═406(8)—**Waiver of objection to petition through delay in presenting exception held not shown.**

Waiver of objection to petition on ground of misjoinder of causes of action through failure to timely present exception *held*, under Rev. St. arts. 1919, 1947, not shown.

7. **Action** ⚹═47—**Causes on contract and tort improperly joined.**

Order sustaining exceptions to petition for misjoinder of causes of action *held* warranted, where plaintiff sought to enforce an easement growing out of alleged contract and to require defendant railroad to furnish him a crossing and to recover damages actual and exemplary for negligent construction and operation through right of way sold by him to defendant.

8. **Action** ⚹═45(1)—**Whether causes of action improperly joined is matter largely within discretion of trial court.**

Whether causes of action are improperly joined is a matter largely within discretion of court.

9. **Frauds, statute of** ⚹═60(1)—**Easement is interest in land, and grant thereof must be executed with same formalities as required in grant of fee.**

An easement is interest in land which, under Rev. St. 1911, art. 1103, when claimed by grant, must be conveyed by writing executed with same formalities as required to pass fee, and petition alleging oral agreement for easement consisting of right to cross railroad is subject to exception.

Appeal from District Court, Harris County; R. R. Alexander, Judge

Action by Henry Bear against the Houston & Texas Central Railway Company. From judgment for defendant, plaintiff appeals. Affirmed.

W. M. Hilliard, of Caldwell, for appellant.
Baker, Botts, Parker & Garwood, of Houston, Bowers & Bowers, of Caldwell, and O. L. Stribling, of Waco, for appellee.

---

⚹═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

GRAVES, J. In 1912 Henry Bear owned and lived upon 5 acres of land in the town of Caldwell, Burleson county, adjoining the Santa Fé Railway right of way at a point about 200 yards south of the Caldwell Oil Mill. In April of that year he sold to the Houston & Texas Central Railway Company for its railroad right of way a 2.2-acre strip entirely across his 5-acre tract in a generally north and south direction, bisecting it in such a way as to leave about 2 acres of his original 5 on the southeast side and about 1 acre of it on the northwest side of the diagonal strip thus sold to the railway company. He then moved his house and barn onto the 1-acre piece to the northwest, leaving his remaining 2 acres on the other side for a garden and truck patch. The Houston & Texas Central Company built and has ever since operated its railroad on the 2.2-acre strip it bought; the deed from Bear and wife to it being for a stated consideration of $600, cash, and conveying the land unconditionally.

On March 31, 1922, Bear brought this suit against the Houston & Texas Central Railway Company, filing his trial petition, that is, his first amended original, on December 11, 1922, seeking to compel it to open up its right of way on this strip he had so sold it for his use as an outlet and inlet to and a passageway between his two remaining tracts on opposite sides of the railroad, claiming an easement right over it for such purposes, and basing his claim upon an alleged verbal agreement between them to that effect at the time he sold the railway company the 2.2-acre strip, charging a violation of that agreement by the company in that, after having for years recognized and observed the same, it had not only cut deep ditches between them but had also recently fenced its right of way along the entire width of his 1-acre tract, thereby depriving him of his only outlet, etc. He also demanded damages, both actual and exemplary, averring that the railway company had not only acted with gross negligence but vindictively toward him, praying as follows:

"Premises considered, plaintiff prays that the defendant be cited in terms of the law to appear and answer herein, and that on final hearing he have judgment against the defendant for the sum of $422 actual damages, and that he have judgment for the sum of $500 exemplary damages, and that he have judgment compelling the defendant to remove its fence and fill in the cut at plaintiff's southwest corner, and that defendant be compelled to open up and keep open its right of way from the west line of the Gulf, Colorado & Santa Fé Railway Company's right of way to where the Caldwell & Deanville public road intersects defendant's right of way so as to give this plaintiff an inlet and outlet from either direction, and that the defendant be compelled and required to build and construct this plaintiff a crossing over defendant's roadbed and right of way and private openings so that plaintiff can pass from one portion of his divided land to the other portion of same, and that a mandatory writ of injunction issue herein compelling the defendant to move its fence, fill in the cut at plaintiff's southwest corner, and open its right of way as an outlet for plaintiff, and to compel defendant to build a crossing over defendant's roadbed and right of way, and provide openings so that plaintiff can pass from one portion of his divided land to the other portion of same, and for general and special relief, and for such other and further relief in law and in equity as he may show himself justly entitled to receive."

The further course of the proceedings in the trial court is thus correctly recited in the brief of the railway company filed in this court, it being appellee here and the plaintiff below being appellant:

"Upon the filing of the first amended original petition the appellee made application for a continuance of the case upon the ground of surprise, and the cause was continued to the May term, 1923. At the May term, 1923, and on June 4th, the appellee filed its second amended original answer to appellant's first amended original petition, in which in due order of pleading it excepts through its special exception No. 1 to said petition, in that it is shown from the allegations thereof that there is a misjoinder of causes of action; in that it is shown that the appellant is seeking to recover upon an action ex contractu and an action ex delicto not growing out of or pertaining to the same subject-matter or transaction. Said answer also contained other exceptions, general and special. One of the special exceptions is to the allegations of the petition setting up an agreement between the appellant and appellee, by which it is alleged that appellee agreed to leave its right of way open so that appellant could use its right of way as an inlet and outlet from his home, barn, lots, pasture, and truck patch, etc., because, if said agreement was not in writing, it seeks to engraft upon the deed conveying the right of way to appellee by appellant a parol agreement and condition, and to vary the written instrument by parol, contemporaneous evidence in material matter, and violates the statute of frauds. At the same term of court, and on June 5th, appellee's special exception as to misjoinder of causes of action was presented to and heard by the court, and sustained, and the suit dismissed and abated. Upon announcing such ruling the appellant asked leave to amend and 'set up a cause of action based upon the statutory right of a crossing, and based upon that alone.' The court declined to allow appellant to do this, and to this action of the court the appellant saved an exception. The court thereupon, on its own motion, took up and heard the general and special exceptions contained in appellee's answer, and sustained special exception No. 7, which refers to the oral agreement alleged in the petition, holding that said agreement seeks to engraft upon the deed a condition varying the deed, and is in violation of the statute of frauds, and to this action appellant saved an exception."

[1] It thus appears from the record that appellant did not except to the court's action

in sustaining appellee's special exception No. 1 raising the question of a misjoinder of causes of action, but only to the refusal to allow him at that stage of the trial to file an amendment, and thereby to "set up a cause of action based upon the statutory right of a crossing, and based upon that alone." This state of the record, we think, furnishes a complete answer to appellant's contention on appeal that the trial court committed reversible error in this procedure; there being (1) no exception to such action noted in the judgment or otherwise, and (2) the matter not involving fundamental error. (1) Revised Statutes 1911, arts. 1991, 2062, St. L., B. & M. Ry. Co. v. Webber, 109 Tex. 383, 210 S. W. 677; Sexton Rice & Irrigation Co. v. Sexton, 48 Tex. Civ. App. 190, 106 S. W. 728, col. 2; District Court Rule 71a. (2); Dillard v. W. R. Kyser & Co. (Tex. Civ. App.) 249 S. W. 888; Goodhue v. Fuller (Tex. Civ. App.) 193 S. W. 170; Roberson v. Hughes (Tex. Com. App.) 231 S. W. 735; Wilson v. Johnson, 94 Tex. 272, 60 S. W. 242; Houston Oil Co. v. Kimball, 103 Tex. 103, 122 S. W. 533, 124 S. W. 85; Oar v. Davis, 105 Tex. 484, 151 S. W. 794; Williamson v. Miller & Vidor Lumber Co. (Tex. Civ. App.) 178 S. W. 800.

[2] While the sustaining or overruling of a general demurrer raises a question of fundamental error, because, going to the very foundation of the right to maintain the suit at all upon the facts alleged, it is not so as to a special exception, which merely challenges the manner of bringing the suit in respect to the joinder of different causes of action stated, for the reason that it is in the nature of a dilatory plea only, may be waived for failure to present it for determination at the proper time, and neither reaches to the final right to litigate the action on some one of the causes alleged, nor asserts that no one of them, standing by itself, would be good. In the circumstances, there being no exception taken to this ruling of the court below, there is nothing for this court to review in relation to it.

[3] Appellant further earnestly contends, however, that, even were it conceded that there was a misjoinder of causes of action, his suit should not have been dismissed, but the court should either have permitted him to elect between the causes of action pleaded in his trial petition and go to trial on the one selected, or to so amend it as to conform to the court's holding. The trouble with this position is that he waived by the course pursued at the time the very right now insisted upon. When the court thus sustained his antagonist's claim for misjoinder and dismissed the action, appellant undoubtedly had the right to prosecute by amendment or reinstitution one or more suits upon the causes of action he had in his trial petition declared upon, but he failed to exercise any such privilege, choosing rather to acquiesce in the court's holding that there was a misjoinder as his pleadings then stood, and thereupon to ask leave to amend and "set up a cause of action based upon the statutory right of a crossing, and based upon that alone." This is what the record shows, and in our opinion it clearly constituted a waiver of other claims and an election to stand or fall upon such right to a statutory crossing as might be set up in the amendment with that objective he desired then to file; this for the reason that the right of election did not comprehend the right to plead by amendment a cause of action not already declared upon in the petition.

Now in the pleadings on which the court had acted appellant had made no claim to having "a statutory right of a crossing," but had rested his declaration in that regard upon his alleged original contract with the appellee and the subsequent dealings between them in reference to the subject, so that the statutory right he thus sought to advance by amendment in midstream of the trial was entirely new matter; obviously, therefore, unless the trial court is shown to have abused the discretion it plainly has in such circumstances, there is no reversible error here either. Lipscomb v. Perry, 100 Tex. 122, 96 S. W. 1069; Houston Oil Co. v. Lumber Co. (Tex. Civ. App.) 181 S. W. 745.

[4, 5] We cannot say that any abuse is made to appear. Under the rule laid down in the cases referred to the burden is on appellant to show that the exercise of the court's prerogative in rejecting the amendment at the time and under the conditions when tendered was not "based on the fact that it might have delayed the trial and impeded the speedy and orderly administration of justice and the dispatch of the business of the court"; this he has utterly failed to do; for aught that appears here the granting of the leave requested might have both worked serious injustice to the opposing litigant and dislocated the entire schedule of the court's business for the term.

[6] The objection that appellee's exception as to misjoinder was waived because not presented for decision at the first term of court after it had originally answered in the cause is not well taken. While appellant's original petition is not in the transcript, it appears that at a preceding term the same exception was directed against it but not acted upon. At the succeeding term in December, 1922, appellant filed his first amended original petition, which caused the court on the ground of surprise to grant appellee a continuance to the term of the trial in 1923. After one resetting and on the day set for the trial, June 4, 1923, appellee filed its second amended original answer in reply to this first amended petition of appellant, and therein, in due order of pleading, interposed its same exception to the petition as so amended, and this was acted upon at the

term during which it was filed, indeed the next day.

In such circumstances, the fact .that it may have likewise so pleaded in answer to previous petitions did not preclude appellee from presenting the same exception to the appellant's amended petition; it being done in due order of pleading and acted upon during the term at which it was filed when the case was called for trial. R. S. arts. 1919, 1947. This record affirmatively. shows, as above recited, that the cause was continued to the term at which the exception was filed and acted upon on account of surprise to the appellee resulting from the filing of the first amended original petition, wherefore, by operation of the express terms of article 1919, the entire cause went over to the 1923 term as unfinished business. If this were not so, however, since there is nothing at all to the contrary in the record, the presumption would be indulged that the cause went over to that term as undetermined business, and that all matters requiring the court's attention upon which no action was taken went with it.

[7, 8] Under these conclusions, which determine the merits of the appeal, it becomes unnecessary for this court to pass upon the substantive soundness of either holding of the trial court, that there was a misjoinder of causes of action and that the oral agreement for the easement in land alleged in the petition violated the statute of frauds; but no good reason occurs to us for saying that both are not correct. By the averments of his petition in one breath appellant seeks to enforce a right to an easement in and over appellee's right of way growing out of an alleged contract to that effect made in 1912 and breached in 1921; in another, by counts necessarily involving questions of fact and law in no way related to this question of an easement as so alleged, he asserts a general right to require the appellee to establish at its own cost a suitable crossing over its railroad so as to afford him a convenient passage from one part of his divided tract of land to the other; in still others he asks for damages to his remaining and adjoining realty by reason of the alleged negligent construction and operation by the appellee of its railroad through the property he sold it—a tort in no manner related to his preceding claim to an easement over the tract he so sold by right of contract. There is further demand for exemplary damages claimed as flowing from the gross negligence, willfulness, and malice of appellee's agents and officers in actually destroying the inlet and outlet to his adjoining property, as well as $200 actual damages occasioned by the railroad in inclosing its right of way with a fence, thereby destroying his only access to and from his property. Surely under our system of pleading, liberal as it is, this salmagundi of complaints may not be, over seasonable objection, consistently asserted and maintained in one suit. To say the least of it, the trial court having held the joinder improper, and that matter, too, being left in large measure to its discretion, there will on appeal be no revision of the action, where, as here, no palpable abuse is shown. Rush v. Bishop, 60 Tex. 178; Railway v. Browne, 27 Tex. Civ. App. 437, 66 S. W. 343.

[9] As concerns the sustaining of the seventh special exception, invoking the statute of frauds as barring the easement right claimed, while that was unnecessary after the suit had been dismissed in response to the first exception, the principle applied was clearly correct. The deed to the railway company was· unconditional, and there were no allegations of fraud, accident, or mistake attending its execution and delivery. The agreement was, however, expressly declared to have rested wholly in parol. Under our decisions such an easement is an interest in the land itself, which, when claimed by grant, must be conveyed by a writing executed with the same formalities as are required to pass the fee. T. & P. Ry. Co. v. Durrett, 57 Tex. 48; Toyaho Irr. Co. v. Hutchins, 21 Tex. Civ. App. 274, 52 S. W. 101; Parsons v. Hunt, 98 Tex. 420, 84 S. W. 644; Callan v. Walters (Tex. Civ. App.) 190 S. W. 830; Hooks v. Bridgewater, 111 Tex. 122, 229 S. W. 1115, 15 A. L. R. 216; R. S. 1911, art. 1103; Quanah A. & P. Ry. Co. v. Wiseman (Tex. Civ. App.) 247 S. W. 697; East Line & Red River R. R. Co. v. Garrett, 52 Tex. 133; Sutor v. Ry. Co , 59 Tex. Civ. App. 73, 125 S. W. 943; H. & T. C. Ry Co. v. McKinney, 55 Tex. 176; Morriss v. Hesse (Tex. Civ. App.) 210 S. W. 710; Id. (Tex. Com. App.) 231 S. W. 317; White, Ward & Erwin v. Hager (Tex. Com. App.) 248 S. W. 319; Harper v. Lott Town & Improvement Co. (Tex. Com. App.) 228 S. W. 188; Eldora Oil Co. v. Thompson (Tex. Com. App.) 244 S. W. 505; West v Giesen (Tex. Civ. App.) 242 S. W. 320; 22 R. C. L., page 872, § 119.

As the appellee's cross-assignments are urged only in event of a reversal, they are not passed upon.

From what has been said it follows that the judgment of the court should be affirmed. That order has been entered.

Affirmed.