**BRUNDRETT v. TARPLEY.**

No. 1162.

Court of Civil Appeals of Texas. Waco.

May 12, 1932.

402

Horton B. Porter, of Hillsboro, for plaintiff in error.

Frazier & Averitte, of Hillsboro, for defendant in error.

ALEXANDER, J.

This action was brought by plaintiff for an injunction to restrain the defendant from closing a roadway through defendant's farm. The plaintiff claimed that he and the public had been using such road continuously and uninterruptedly for more than forty years, and that he had acquired an easement therein by prescription. Trial was before the court without a jury and resulted in a judgment for the defendant. The plaintiff appealed.

The trial court filed findings of fact in which it found that the public had not had uninterrupted use of the roadway under adverse claim of right for the statutory period, and that the plaintiff was using the roadway as a means of ingress and egress to and from his farm by permission of the defendant. These findings were not challenged by the defendant and are supported by the evidence. There was no evidence that the public had used the roadway adversely or continuously for any substantial period of time. The plaintiff and his wife both testified that they had been using the roadway about fourteen years, with the express permission of the defendant.

The right to an easement by prescription rests upon the presumption that the owner of the land has granted the easement, and that the grant has been lost. City of Austin v. Hall, 93 Tex. 591, 57 S. W. 563; Porter v. Johnson (Tex. Civ. App.) 151 S. W. 599, at page 601; Phillips v. Texas & P. Railway Co. (Tex. Com. App.) 296 S. W. 877, 880. In order for the long-continued use of a roadway to raise the presumption that there was such grant, it must not only be continuous and uninterrupted for the full ten-year period, but the use by those claiming the easement must be adverse under a claim of right. The adverse claim is the very foundation of the right. Use with the permission of the owner will never ripen into prescription. Since the plaintiff was using the roadway with the permission of the owner, he did not acquire a prescriptive right to the easement. Ladies' Benev. Soc. v. Magnolia Cemetery Co. (Tex. Com. App.) 288 S. W. 812, at page 815; Id. (Tex. Civ. App.) 268 S. W. 198, 212; Evans v. Scott, 37 Tex. Civ. App. 373, 83 S. W. 874, at page 876; Phillips v. Texas & P. Railway Co. (Tex. Com. App.) 296 S. W. 877,

880; 29 C. J. 373–378; Boone et ux. v. City of Stephenville (Tex. Civ. App.) 37 S.W.(2d) 842; 15 Tex. Jur. 791, § 21.

The plaintiff also contends that he is entitled to an easement over the defendant's land as a way of necessity, because there is no other convenient way in which he can travel from his farm to market. A way of necessity does not arise merely because of inconvenience. There must be a privity of ownership between the dominant and servient estates. Neblett v. R. S. Sterling Investment Co. (Tex. Civ. App.) 233 S. W. 604; State v. Black Bros., 116 Tex. 615, 297 S. W. 213, 53 A. L. R. 1181; 15 Tex. Jur. 786, § 17; 19 C. J. 921. There was no evidence that there was ever any unity of ownership between the two tracts of land, and the trial court found that plaintiff owned other land over which he could travel to and from his premises. The plaintiff, therefore, was not entitled to the easement as a way of necessity.

The judgment of the trial court is affirmed.