**CITY OF HOUSTON v. ROBERSON et al.**
No. 11788.

Court of Civil Appeals of Texas. Galveston.
June 20, 1946.

Lewis W. Cutrer, City Atty., and George W. Eddy, First Asst. City Atty., both of Houston, for appellant.

DeLange, Beman & Hudspeth and Rex Clawson, all of Houston, for appellees.

GRAVES, Justice.

This appeal, pursuant to Rule 385(a), (b), and (d), Texas Rules of Civil Procedure, is from an order of the 55th District Court of Harris County, sitting without a jury, denying the appellant, City of Houston, the temporary injunction it had sought against the appellees (Willie Roberson and Roosevelt Parks), wherein the city had prayed that the two named individuals be temporarily enjoined from further proceeding with the construction of a building or structure on "that parcel of ground, lying between Jones Street on the West and Davis Street on the East, and between Lot 4 on the south and Lot 6 on the North of Block 2, Fox and Farmer Addition to the City of Houston, which is and has been a public street and thorough fare, the same being a part of Morris Street in the City of Houston, Harris County, Texas; that said tract or parcel of land has been used as a street or thoroughfare by the general public openly, notoriously, and continuously for both pedestrians and vehicular traffic, for a period much longer than ten years next preceding the placing of an obstruction in the said street."

No separate findings of fact nor conclusions of law were either requested by the parties or filed by the court, and the order itself did not contain any of either sort, but merely recited that the court had read all pleadings, heard all the evidence adduced, and was "of opinion that the City had failed to show any facts, reasons, or grounds for temporary injunction, hence that relief is hereby refused."

In the circumstances recited, the sole question presented by the appeal is, wheth-

ɔr or not the refusal of the temporary injunction so sought constituted an abuse of the trial court's discretion. Repka v. American National Ins. Co., 1945, 143 Tex. 542, 186 S.W.2d 977.

The one authority just cited is deemed sufficient as to the legal reaches of this appeal, since, in oral argument, the appellant waived its previously asserted right to a temporary injunction, mandatory in character, and requested this court to determine only whether or not it had been entitled to an ordinary temporary injunction, restraining the further construction of the building—then under way—until a trial below on the facts could be had, in its cause for permanent injunction then pending there.

All the evidence heard by the trial court was that presented by the appellant, the appellees having offered none. The city's contention, as indicated, being thus in material substance declared in a single point of error in its brief: "The undisputed evidence introduced at the trial of this cause clearly disclosed the establishment of a public street and thoroughfare over and across the property involved in this cause by reason of its adverse, continuous, and uninterrupted use by the general public for both vehicular and pedestrian traffic for a period of time far more than ten years."

In answer to that presentment the appellee Willie Roberson contends that at and prior to the institution of this suit he was and is the owner in fee simple of the lot in controversy, and that he never had any notice of any claim of the City of Houston to such lot as a public street; that he purchased the lot, relying upon the record title thereto, and without notice of any claim of the City of Houston thereto.

He supports his contention that the evidence conclusively shows that no right of way by prescription or limitation across such property was established in the city, but, at the most, merely showed a permissive use over the lot by pedestrians and vehicles, hauling and removing lumber and building materials for the use of an adjoining property owner—Mr. Decota—with these authorities: Sutor v. International & G. N. R. Co., 59 Tex.Civ.App. 73, 125 S.W. 943; Boone v. City of Stephenville,

Tex.Civ.App., Waco 1931, 37 S.W.2d 842; Likewise, in Brundrett v. Tarpley, Tex.Civ. App., Waco 1932, 50 S.W.2d 401; Johnson et al. v. Krieg et ux., Tex.Civ.App., Austin 1943, 173 S.W.2d 102, writ refused want of merit; Texas & N. O. R. Co. v. Harvey, Tex.Civ.App., Galveston 1940, 146 S.W.2d 227, error dismissed; Heilbron v. St. Louis S. W. R. Co., 52 Tex.Civ.App. 575, 113 S.W. 610, 613; Weber v. Chaney, Tex.Civ.App., San Antonio 1923, 5 S.W.2d 213, error refused.

As this court understands its position, the appellant city does not undertake to deny or combat the indicated claim of the appellee Willie Roberson, that he was in fact, by record title, the owner in fee simple of the property involved; but that its position was below, and is here, that whether or not such appellee was shown to be the owner in fee simple of the property, nevertheless the city, by the undisputed evidence it presented, had shown the establishment over and across the property of such a public street and thoroughfare, by prescriptive use for that purpose for more than 10 years, as not only gave the city a right, but made it its duty in the interest of the public to declare and keep open the easement across the same for street purposes.

■ It is true that such a claimed right may—by prescription—so ripen into a street easement in favor of the general public as will authorize the city, as its duly empowered governmental authority, to require that it be kept open, under such authorities as these, among others, the city has cited and herein relied upon: Preamble to, and Section 18, of Art. 1175, Vernon's Texas Civil Statutes; Section 4, Article II, of the Charter of the City of Houston; Dozier v. City, Tex.Civ.App., 253 S.W. 554, writ of error dismissed; Radford Grocery Co. v. City, Tex.Civ.App., 20 S.W.2d 255, affirmed Tex.Com.App., 34 S.W.2d 830; City of Dublin v. Barrett, Tex.Civ.App., 242 S.W. 535, writ of error refused; Phillips v. Texas & P. R. Co., Tex.Com.App., 296 S.W. 877; Tribble v. Dallas Ry. & Terminal Co., Tex.Civ.App., 13 S.W.2d 933, writ of error refused; Boone v. City, 37 S.W.2d 843; Brundrett v. Tarpley, Tex.

Civ.App., 50 S.W.2d 401; Foster v. Patton, Tex.Civ.App., 104 S.W.2d 944.

But it is equally as well settled by the authorities cited supra by the appellee, in turn, that all the essential incidents to the establishment of such a super-induced burden upon private property—such as that the use be open, notorious, continuous for ten years, non-permissive, and adverse under a claim of right—must be meticulously alleged and shown, and, if any essential one is missing, the claim for such public control falls.

■ Wherefore, after a painstaking consideration of the statement of facts in this instance, this court is unable to hold with appellant that the evidence as a whole, all of which, as recited, was adduced by itself, established as a matter of law that such property did in fact constitute a public street, and that the trial court was thereby left without power to decree otherwise.

On the contrary, it is the conclusion here that there was evidence sufficient to have justified, if indeed it did not require, the court to make these among other findings of fact, which will accordingly be deemed to have been made, as in support of its judgment, to-wit:

(1) The undisputed evidence shows that appellee Willie Roberson purchased the lot in controversy from N. A. Jones, of Prairie View, through his agent, Mr. Ellison, for the sum of $1,000 cash, after having had the title to the lot examined and approved by his lawyer before paying the cash consideration therefor; (2) that at the time of the purchase, the lot in controversy was an ordinary street lot, covered with grass, with ditches both in front and at the rear of it, and with a telephone pole and guy wire extending across the rear portion of the lot; (3) that there was nothing to put the appellee Willie Roberson on notice, and he was given no notice, that the City of Houston was claiming this lot to be a public street, or a portion of a public street; (4) that, for some ten or twelve years prior to the purchase of this lot by appellee Willie Roberson, his grantor, N. A. Jones, had given Mr. Decota, the adjoining property owner, permission to use this lot for the purpose of storing lumber and building materials thereon, which lumber and building materials were stacked on such lot from time to time, and left remaining thereon for weeks and months in stacked piles; (5) that, as far back as 1935, there was a fence across the rear portion of the lot, abutting on Jones Street; (6) that at the time of the purchase of the lot there remained on the rear portion thereof some old fence posts and barbed wire; (7) that persons living in the vicinity of the property in controversy were accustomed to walking, or "cutting across" this lot, as they also did in "cutting across" the lot adjacent to the theatre across the street, and other lots in that vicinity; (8) that some trucks—from time to time—were driven on the lot in controversy to load and unload the lumber and other building materials of Decota; (9) that the lot in controversy had never been graded nor improved as a street by the City of Houston, or by any one else; (10) that the appellee Willie Roberson testified that he used to live in the vicinity of the lot in controversy, in 1929, and that—at such time—this property was not used for any vehicles to cross over it, and, aside from the vehicles that brought in the lumber and building materials placed on the lot, he knew of no vehicles that had gone on the property; (11) the City of Houston has never made any claim that this property was one of the streets of the city, until the passing of its ordinance on February 13, 1946, which was less than ten years before the filing of this suit, as was also the motion by Commissioner Starkey made on January 11, 1937, that the city council take necessary action to prevent the closing of Morris Street; (12) that much of the travel by vehicles across this property was done by vehicles delivering and hauling off lumber and building materials to Decota, which was a use of the premises with the permission of the owner at that time, N. A. Jones; (13) that—as far back as 1935—there was a fence at the rear of the lot, which fence was subsequently cut down; also, there were ditches in front· and in back of the lot; the telephone pole at the rear of the lot, with the guy wire extending across the lot, has been on this property for several years; (14) the lumber and building mate-

rials belonging to the tenant of the record owner were piled and stacked on the property for weeks at a time over a period of from ten to twelve years; (15) that the City of Houston has never graded or improved this property for use as a street, and has never had any possession of nor exercised any control over it.

In other words, it seems clear that a question of fact was raised over whether or not a right of way across this property by limitation had been established.

These conclusions require an affirmance of the appealed from judgment; it will be so ordered.

Affirmed.