Jan Thomas WILLIAMS, Appellant,

v.

Mary MOORES, Trustee of the Ely T. Moores Trust, Ida Lou Ames, and Laverne Mckemie, Appellees.

No. 06–99–00022–CV.

Court of Appeals of Texas, Texarkana.

Argued Sept. 21, 1999.

Decided Oct. 19, 1999.

Charles A. Morgan, Samuel S. Karr, Dunn, Nutter, Morgan & Shaw, Texarkana, for appellant.

Donald W. Capshaw, William W. Miller, Jr., Patton, Haltom, Roberts, Texarkana, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

Jan Thomas Williams appeals the granting of a partial summary judgment[1] in favor of Mary Moores, Trustee of the Eli T. Moores Trust, Ida Lou Ames, and Laverne McKemie. The court adjudged the inherited ownership interest in a tract of real property as one-eighth owned by Williams and seven-eighths owned by Moores. The judgment further ordered the property sold at a private sale and ordered that a decree confirming the sale be entered authorizing the distribution of the net proceeds in accordance with the parties' adjudged ownership interests.

The clerk's record includes findings of fact and conclusions of law signed by the trial judge in which he cited the doctrines of *res judicata*, waiver and estoppel, judicial admission, collateral estoppel, or collateral attack as the bases for granting the motion for partial summary judgment.[2] Williams contends that none of these doctrines should bar her claim to a greater ownership interest in the property and that the court therefore erred in granting the motion for summary judgment. Williams further contends that the court also erred in denying her motion for summary judgment based on her contention that her ownership interest in the property is one-fourth instead of one-eighth. We overrule these contentions and affirm the judgment.

Eli H. Moores died in 1970, leaving all of his property in trust to his wife, Cordelia,

and their four children, Ely T. Moores, Ida Lou Ames, Laverne McKemie, and Bebe Thomas. Cordelia was both the executrix of Eli's estate and the trustee of the testamentary trust. The trust was to terminate on Cordelia's death and all of Eli's property was then to vest in his four children. A twenty-six-acre tract of real property[3] located on Moores Lane in Texarkana, Texas, was included in this trust, and it is the ownership interests of the parties to this property that are the subject of this lawsuit.

Cordelia died in 1990, causing Eli's interest in the property to vest in his four children. Cordelia's will left her interest in the property to her three surviving children, Ely T. Moores, Ida Lou Ames, and Laverne McKemie. Bebe Thomas predeceased her mother, and Cordelia did not leave any of her interest in the property to Thomas or to Thomas' descendants.

Both wills were admitted to probate in the county court of Bowie County. Eli's will was admitted in June 1971, and Cordelia's will was admitted in November 1990. In each proceeding, an inventory, appraisement, and list of claims was filed, characterizing the property as the community property of Eli and Cordelia. Each inventory, appraisement, and list of claims was duly approved by the court.

On October 29, 1990, Jan Thomas Williams, Bebe Thomas' daughter and sole heir, filed a petition for accounting, inventory, and temporary restraining order in the probate proceeding concerning Eli's estate, and the following day a temporary restraining order was granted by the court, restraining the parties from disposing of the property. On November 13, 1990, Williams filed another petition for accounting, inventory, and temporary restraining order in the probate proceeding

---

1. While the movant sought a partial summary judgment at the time the motion was filed, the parties agree there are now no issues remaining and that the court's partial summary judgment is final.

2. No one challenges the propriety of these findings and conclusions.

3. All references to "the property" are to this twenty-six-acre tract.

concerning Cordelia's estate. The county court took no further action in either probate matter regarding these two petitions. The court entered an order admitting Cordelia's will to probate on November 19, 1990, and then entered an order approving the inventory, appraisement, and list of claims on May 13, 1991.

In March 1998, Mary Moores, Trustee of the Ely T. Moores Trust, Ida Lou Ames, and Laverne McKemie initiated the instant lawsuit against Williams in the district court to partition the property.[4] Williams filed a motion for summary judgment, claiming that the property was Eli Moores' separate property and asking the court to grant her a one-fourth ownership interest in the property. Moores filed a response and a cross-motion for partial summary judgment claiming that, since the property had been properly characterized as community property for over twenty years, Williams was only entitled to a one-eighth ownership. The court denied Williams' motion and granted Moores' motion. Without agreeing to the fractional ownership interests adjudged by the court, the parties did not contest the further orders of the court that the property be sold and the proceeds distributed one-eighth to Williams, six-eighths to Moores, and the remaining one-eighth deposited in the registry of the court pending further order of the court. After judgment, Williams requested findings of fact and conclusions of law. The trial court granted Williams' request and entered such findings and conclusions. The trial court was not required to comply with Williams' request because findings of fact and conclusions of law have no place in a case disposed by summary judgment. *IKB Indus. v. Pro–Line Corp.*, 938 S.W.2d 440, 441 (Tex.1997); *Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex.1994). The reason findings and conclusions "have no

place" in this type of case is because if a summary judgment is proper, then there should be no facts to find, and the legal conclusions should already be stated in the motion and response. *IKB Indus.*, 938 S.W.2d at 441. The trial court should not make, and an appellate court cannot consider, findings of fact and conclusions of law in connection with a summary judgment. *Id.* Therefore, this Court will disregard the trial court's findings of fact and conclusions of law, and will only determine whether the movants met their summary judgment burden by establishing that no genuine issue of material fact exists and that they were entitled to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972).

In a summary judgment proceeding, the burden of proof is on the movant, and all doubts about the existence of a genuine issue concerning a material fact are resolved against the movant. *See Cate*, 790 S.W.2d at 562; *Roskey v. Texas Health Facilities Comm'n*, 639 S.W.2d 302, 303 (Tex.1982). The only grounds which this Court may consider on appeal as a basis for affirming the summary judgment are those issues that were expressly presented in the motion or response to the motion for summary judgment. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex.1993).

In their response to Williams' motion for summary judgment and in their own cross-motion for summary judgment, Moores expressly contend that Williams waived her right to make her claim to a greater ownership right in the property. Waiver is the intentional relinquishment of a known right or intentional conduct that is inconsistent with claiming that right. *Tenneco Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 643 (Tex.1996). The elements

---

4. Appellees are referred to collectively as "Moores" in the remainder of this opinion. Their original petition filed in the district court identifies the parties in that litigation as

"either the sole surviving heirs or a successor-in-interest to a surviving heir of Eli H. Moores and wife, Cordelia Moores, both deceased."

of waiver include: (1) an existing right, benefit, or advantage; (2) an actual or constructive knowledge of its existence; and (3) an actual intent to relinquish the right (which can be inferred from the conduct). *Vessels v. Anschutz Corp.*, 823 S.W.2d 762, 765 (Tex.App.-Texarkana 1992, writ denied), *citing Federal Deposit Ins. Corp. v. Attayi*, 745 S.W.2d 939, 946 (Tex.App.-Houston [1st Dist.] 1988, no writ). A party's silence or inaction, coupled with knowledge of the right, for such an unreasonable period of time as to indicate an intention to waive the right, is enough to prove waiver. *See Tenneco Inc.*, 925 S.W.2d at 643; *Alford, Meroney & Co. v. Rowe*, 619 S.W.2d 210, 213 (Tex. Civ.App.-Amarillo 1981, writ ref'd n.r.e.). The doctrine of waiver has been held to apply to all rights or privileges to which a person is legally entitled. *Burton v. National Bank of Commerce*, 679 S.W.2d 115, 117 (Tex.App.-Dallas 1984, no writ); *Praetorians v. Strickland*, 48 S.W.2d 690, 693 (Tex.Civ.App.-Dallas 1932), *rev'd on other grounds*, 66 S.W.2d 686 (Tex. Comm'n App.1933, holding approved).

█ In this case, Williams has an existing right to partial ownership of the property which she inherited from Eli through her mother's estate. She had actual knowledge of the existence of this right, and she made this knowledge known when she filed her petition for accounting and inventory, and for a temporary restraining order in the proceeding concerning Cordelia's estate.[5] This petition was filed in the county court on November 13, 1990, but no hearing was held regarding it or her ownership interest. Further, there is no suggestion in this petition that the property should be characterized as the separate property of Eli or that Williams' ownership interest is one-fourth. Until March 1998,

when Williams responded to the filing of the instant lawsuit, no action was taken on her part regarding her claim to a one-fourth ownership interest.

It is clear from Williams' actions, or lack thereof, that she relinquished any right she had to dispute the characterization of the property as the community property of Eli and Cordelia and to claim that her ownership interest in the property is any more than one-eighth. Williams was aware of and personally involved in Cordelia's estate proceedings. In those proceedings, she clearly indicated that she had knowledge of her right to receive any interest that was devised to her mother through Eli's will. After she clearly made her knowledge of this right known, she fell silent for more than eight years. During this long period of silence and inaction, plenty of avenues were available to her for asserting her claim, but she chose to take advantage of none of them. She failed to contest the estate proceedings, TEX. PROB. CODE ANN. § 10 (Vernon 1980); she failed to file a written complaint that the filed inventory was erroneous or unjust, TEX. PROB.CODE ANN. § 258 (Vernon 1980); she failed to appeal the order in the county court, TEX. PROB.CODE ANN. § 31 (Vernon Supp.1999); and finally, she failed to move to transfer her petition to the district court, TEX. PROB.CODE ANN. § 5 (Vernon Supp.1999). Williams' silence and inaction for such an unreasonable period of time, coupled with her knowledge of her interest in the property, clearly indicated her intention to waive her right to assert this claim. *See Tenneco Inc.*, 925 S.W.2d at 643; *Alford, Meroney & Co.*, 619 S.W.2d at 213.

Because Williams waived her right to assert her claim to a one-fourth ownership

---

5. Williams stated the following, in pertinent part:

CORDELIA MOORES was the surviving spouse of ELI H. MOORES, and the two of them owned community property which was primarily located in Bowie County, Texas. Petitioner is the daughter of BEBE THOMAS, a child of ELI H. MOORES and CORDELIA MOORES, and is the sole heir-at-law of BEBE THOMAS, and is therefore entitled to receive any interest devised to BEBE THOMAS under the Last Will and Testament of ELI H. MOORES, Deceased.

interest in the property, it was proper to grant Moores' motion for summary judgment and to deny Williams' motion for summary judgment. Having so concluded, we find it unnecessary to address the other points raised in this appeal.

The judgment is affirmed.