In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00084-CR


______________________________




ROBERT LEROY CLARK, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the Fifth Judicial District Court


Cass County, Texas


Trial Court No. 2004F00272




 




Before Morriss, C.J., Carter and Moseley, JJ.


Opinion by Justice Moseley



O P I N I O N



 Robert Leroy Clark attempts to appeal his conviction by a jury for the offense of aggravated
assault causing serious bodily injury by use of a deadly weapon. See Tex. Penal Code Ann.
§ 22.02(a)(1) (Vernon Supp. 2008). Clark's sentence was imposed March 5, 2009. His notice of
appeal was dated April 14, 2009, and filed April 16, 2009. We received the clerk's record May 8,
2009. The issue before us is whether Clark timely filed his notice of appeal. We conclude that he
did not and dismiss the attempted appeal for want of jurisdiction.

 A timely notice of appeal is necessary to invoke this Court's jurisdiction. Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996). Rule 26.2(a) of the Texas Rules of Appellate Procedure
prescribes the time period in which a notice of appeal must be filed by a defendant in order to perfect
an appeal in a criminal case. A defendant's notice of appeal is timely if filed within thirty days after
the day sentence is imposed or suspended in open court, or within ninety days after sentencing if the
defendant timely files a motion for new trial. Tex. R. App. P. 26.2(a); Olivo, 918 S.W.2d at 522. The
record does not contain any motion for new trial. The last date Clark could timely file his notice of
appeal was April 6, 2009, thirty days after the day the sentence was imposed in open court. See Tex.
R. App. P. 4.1, 26.2(a)(1). Further, no motion for extension of time was filed in this Court within
fifteen days of the last day allowed for filing the notice of appeal.

 In reviewing the record, we also noted that Clark filed a post-conviction application for a
court-appointed attorney. (1) This Court held in Massey v. State, 759 S.W.2d 18 (Tex.
App.--Texarkana 1988, no pet.), that a request for appointment of counsel was sufficient to confer
jurisdiction. Massey is distinguishable, however, because Massey had also requested within that
motion a copy of the record, and that record contained the district clerk's written acknowledgment
that Massey orally gave notice of appeal. In the case now before us, Clark's application for court-appointed attorney indicates no desire to appeal. An affidavit of indigence and request for
appointment of appellate counsel alone cannot serve as the notice of appeal or as a motion for
extension of time. Jarrels v. State, No. 01-01-00721-CR, 2001 WL 1301636 (Tex. App.--Houston
[1st Dist.] Oct. 25, 2001, no pet.) (mem. op., not designated for publication); Rivera v. State, 940
S.W.2d 148 (Tex. App.--San Antonio 1996, no pet.).






 Clark has failed to perfect his appeal. Accordingly, we dismiss the appeal for want of
jurisdiction. (2)


 Bailey C. Moseley

 Justice


Date Submitted: May 14, 2009

Date Decided: May 15, 2009


Publish



1. Clark was not found indigent by the trial court, and his application was denied.
2. Clark may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas
corpus returnable to the Texas Court of Criminal Appeals. See Tex. Code Crim. Proc. Ann. art.
11.07 (Vernon Supp. 2008).


 be affirmed. (1) Malooly Bros., Inc. v. Napier, 461 S.W.2d 119,
121 (Tex. 1970); Simmons, 55 S.W.3d at 681. This is because the summary judgment may have
been based on a ground that was available to the trial court and not specifically challenged by the
appellant on appeal. Malooly Bros., Inc., 461 S.W.2d at 121; Simmons, 55 S.W.3d at 681.

 Arguably, the above rule should not apply under the present circumstances because Strather
amended his petition to remove the defect about which Dolgencorp complained in its summary
judgment motion before the trial court ruled on the motion. It is not uncommon, however, for a
party, in order to avoid summary judgment, to amend his or her pleadings in response to a motion
for summary judgment.

 Were we to remove Strather's burden of attacking each of the possible grounds for granting
summary judgment by simply referencing his amended pleadings and assuming the trial court could
not have granted summary judgment in light of those amended pleadings, we would effectively be
placing ourselves in the role of the trial court in ruling on the motion for summary judgment. We
would be assuming the trial court did not rule-either correctly or incorrectly-on the motion it had
before it. We decline to set such a precedent, especially because the burden of attacking each
possible ground alleged in the summary judgment motion is relatively light.

 In the present case, however, the trial court arguably did state its reasons for granting
summary judgment in the letter it sent to the parties. But these statements were not contained in the
order granting summary judgment and are in the nature of findings of fact and conclusions of law,
which  we  are  precluded  from  considering.  See  Simmons,  55  S.W.3d  at  680;  Williams  v.
Moores, 5 S.W.3d 334, 336 (Tex. App.-Texarkana 1999, pet. denied). Rather, we must look only
to the order granting summary judgment, in which the trial court did not provide the reasons for its
ruling. Simmons, 55 S.W.3d at 680; see also Stevens v. State Farm Fire & Cas. Co., 929 S.W.2d
665, 669 (Tex. App.-Texarkana 1996, writ denied) (court of appeals could not consider trial court's
letter stating its reasons for granting summary judgment because letter was not part of judgment).

 Dolgencorp raised the statute of limitations as a basis for granting summary judgment. 
Because Strather does not attack Dolgencorp's statute of limitations defense, either through a general
or specific point of error or issue on appeal, we must affirm the summary judgment.

 The same reasoning applies to Strather's second issue on appeal, in which he contends the
trial court erred in granting summary judgment with respect to three of his theories of liability,
because Dolgencorp's summary judgment proof does not address those theories. In his petition,
Strather alleged that Dolgencorp failed to properly train its employees, servants, and agents in the
appropriate procedures to follow in loading trailers; that Dolgencorp failed to reasonably supervise
the loading of the trailer; and that Dolgencorp failed to reasonably inspect the loading of the trailer. 
He contends Hughes' affidavit, which states that no employee of Dolgencorp was involved in the
loading or preparation of the trailer, does not provide summary judgment proof to negate these
theories.

 Even if Strather is correct, he fails to attack Dolgencorp's statute of limitations defense,
which entitles it to summary judgment notwithstanding these theories of liability. Therefore, we
must affirm the summary judgment.

 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: July 16, 2002

Date Decided: September 11, 2002


Publish
1. A general point of error or issue on appeal allows a court of appeals to review all possible
grounds on which summary judgment may have been granted. Malooly Bros., Inc. v. Napier, 461
S.W.2d 119, 121 (Tex. 1970). A general point or issue states, "The trial court erred in granting the
motion for summary judgment," or uses similar language. Id.